## POTOMAC LAUNDRY CO. *v.* MILLER.

SEVENTY-THIRD RULE; AFFIDAVITS OF DEFENSE; PLEADING.

1. Where, in an action by an executor for work done and materials provided by the plaintiff's testator at the request of the defendant, a laundry company, on certain premises used by the defendant, the affidavit of defense, supporting a plea of the general issue, alleged that the defendant carried on its business on the premises of the plaintiff's testator, who also owned the adjoining land, and with whom it contracted that it would rent the adjoining premises from him at a rental equal to 8 per cent of his total investment if he would make certain improvements thereon, and that, in compliance with this agreement, the improvements were made and a lease executed on the terms agreed to, for a period of five years, it was *held* that the affidavit of defense, although failing to identify clearly the debt sued on with the sum of money agreed by the plaintiff's testator to be expended by him for improvements, was sufficient to entitle the defendant to a trial, when read in connection with the plaintiff's affidavit in support of his declaration.

2. The 73d rule of the lower court, which deprives a party of his ordinary right of trial by jury, should be strictly interpreted as regards the affidavit of the plaintiff, and broadly and liberally construed as regards the counter affidavit of the defendant (following *Lawrence* v. *Hammond,* 4 App. D. C. 467; *Gleason* v. *Hoeke,* 5 App. D. C. 1; *Brown* v. *Ohio Nat. Bank,* 18 App. D. C. 605); and, in the absence of any indication of evasion in an affidavit of defense containing a general statement of facts, if it appears that the facts so generally stated would constitute a defense, in whole or in part, the defendant's constitutional right of trial by jury must be accorded. (Following *St. Clair* v. *Conlon,* 12 App. D. C. 161; *Magruder* v. *Schley,* 17 App. D. C. 227.)

3. No promise need be alleged in a declaration based upon a general

assumpsit, which rests only upon a legal liability springing out of a consideration received.

No. 1574.   Submitted October 17, 1905.  Decided November 20, 1905.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia entered under the 73d rule of that court for insufficiency of an affidavit of defense.                                         *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Leonard J. Mather* and *Mr. Charles T. Hendler* for the appellant.

*Mr. William C. Prentiss* and *Mr. George Francis Williams* for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

This is an appeal from a judgment rendered by the supreme court of the District of Columbia in a suit at law upon the money counts, with particulars of demand annexed, under the 73d rule of that court providing for a summary judgment.

Certain proceedings in this case, which terminated in a judgment, subsequently vacated, need not be considered. The discretion of the trial judge to grant motions and allow amendments disposes of many objections made to such proceedings in this case. For the rest, the appellee has not appealed, and could not well do so. If the judgment vacated were a valid judgment in this cause, the judgment the appellee asks this court to affirm would be invalid.

This suit was instituted August 10, 1904, and at the same time the particulars of demand were filed containing many items, but no date except the headline date, "Washington, March 17th, 1903." The items charged are classified as work done (1) "in boiler room;" (2) "materials used in boiler room;" (3) and "work in old laundry building and addition."

The supporting affidavit avers that the total of the claim, $538.23, is due the plaintiff, whose testator, James E. Miller, in his lifetime, at the request of the Potomac Laundry Company, defendant below and appellant here, furnished work, and provided workmen, and did certain work in and about certain premises in Washington occupied and used by the defendant as a steam laundry.

The plea was the general issue. The affidavit of defense stated that the Potomac Laundry Company, in May, 1902, carried on its business on premises owned by said James E. Miller, deceased, and paid $80 rental monthly. The company needed more land and an enlarged plant thereon, and Miller suggested that he owned the land east of the structure then used by the company, "and a contract was made between the said James E. Miller in his individual capacity and the said corporation, composed of Mooney, Ellsworth, and Miller, whereby it was definitely understood and agreed that the said Miller would make all the necessary improvements at his own cost and expense, for which he would ask, and which it was then and there agreed should be paid in the form of monthly rental, 8 per cent per annum on the total valuation of the ground and all the buildings erected thereon for the use and occupation of the said corporation, but nothing was then said about certain parts of said construction work—which might be deemed to be applicable only to the uses and for the purposes of the laundry— being paid for outright when completed for said laundry company; but it was distinctly understood at this meeting in May, and at all times subsequently when the matter of changes necessitating additional charges came up for discussion between them, that whatever additional cost was incurred by any change or alteration should be reimbursed to the said James E. Miller, as above indicated, *viz.:* By paying him rental at the rate of 8 per cent per annum on the total cost of the said Miller's investment; and this was not only suggested by Mr. Miller, but was always agreed to by him, without demur or objection on his part, in the various conversations which took place between them,—both on the 2d of May, 1902, when the contract was

made, and at all subsequent conversations which took place between that date and the time of the occupancy of the new building in October of the same year; that, after said contract was made, thereafter the said corporation's monthly rent to Miller was figured out on said basis, and the monthly amount of $140 agreed upon, which was embodied in a lease for five years, beginning January 1, 1903."

The affiant denies the justness of the claim now made, and says "the defendant was not indebted to the Miller estate in the sum claimed."

Such is the material part of the affidavit of defense. The affidavit is vague and faulty. It fails to say distinctly that the debt claimed by the declaration and in the particulars of demand is the same debt or sum of money, or part of the same sum, which Miller agreed, on May 2, 1902, to expend in enlarging the building and plant, and the same the defendant agreed to pay by paying an increased monthly rental, which was thereafter duly paid by the defendant. It is possible that the plaintiff here sues the defendant for other work and materials furnished by Miller at a time prior or subsequent to October, 1902, when defendant says the contract of May 2, 1902, on the part of Miller, to enlarge the building and plant, was performed, and the new lease for five years, at the increased rental, is alleged to have been entered into.

Here the deficiency of the bill of particulars of the plaintiff below produces uncertainty. The only date thereon is March 17, 1903. Apparently the charges for the work done by masons and carpenters "in boiler room," and the various charges for "materials used in boiler room," and for "work in old laundry building and addition," were due and owing on the date mentioned. Apparently the "work on old laundry building and addition," claimed in the particulars of demand, is work embraced within the contract between Miller and the defendant on May 2, 1902, which work had to be paid for by the increase in rental averred in the defendant's affidavit, and the same work for which plaintiff sued; for the affidavit filed with the plaintiff's particulars of demand claims payment for materials furnished

and workmen provided, and work done in and about certain premises occupied by the defendant as a steam laundry, as set forth in said particulars.

If this defense should be supported by evidence, it would defeat the action. It is right, therefore, in this instance that this action should proceed to trial and judgment. Taking the two affidavits together, we conclude that the defendant has stated such grounds of defense as would, if true, be sufficient to defeat the plaintiff's claim in whole or part.

This court said, in *Brown* v. *Ohio Nat. Bank,* 18 App. D. C. 605: "The rule deprives a party of his ordinary right of jury trial, and should be strictly interpreted as regards the affidavit of the plaintiff, and broadly and liberally construed as regards the counter affidavit of the defendant." *Lawrence* v. *Hammond,* 4 App. D. C. 467; *Gleason* v. *Hoeke,* 5 App. D. C. 1, 5.

"If there be nothing in the general statement of the facts of defense to indicate or suggest evasion, or studied uncertainty of allegation or denial in matters plainly susceptible of clear and precise statement; and if it appear by any reasonable or fair construction that the facts so generally stated would constitute a defense to the plaintiff's action in whole or in some part,—the constitutional right of trial by jury must be accorded." *St. Clair* v. *Conlon,* 12 App. D. C. 161, 163; *Magruder* v. *Schley,* 17 App. D. C. 227, 231.

These settled propositions concerning the 73d rule apply to the case before us, and the judgment appealed from must be reversed.

As the case will be remanded for trial, the appellant's exception to the declaration as insufficient because it does not allege a promise to pay must be disposed of. The declaration in this case is the common money counts, and these are in the form required by the 112th rule of the court below, and, of course, in the usual and approved form.

The appellant's argument confounds special assumpsit and general assumpsit. No promise is alleged in *indebitatus assumpsit* or general assumpsit, which rests only on a *legal* liability springing out of a consideration received; and the dif-

ficulty clears away if it is kept in mind that in no case in which general assumpsit is brought does the plaintiff ground his claim upon a special agreement or promise. He proceeds exclusively upon the implied legal engagement or obligation of the defendant to pay the value of the services ordered or received by him. 2 Smith, Lead. Cas. 7th Am. ed. Hare & W.'s notes, 63, 64.

The judgment must be reversed with costs. This cause is remanded for further proceedings not inconsistent with this opinion, and it is so ordered. *Reversed.*